UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    Thomas Joseph Farrell, Jr.<br>Debtor<br><br>SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of BKPL-EG Basket Trust<br>Movant<br>v.<br><br>Thomas Joseph Farrell, Jr.<br>David Fry- Co-Debtor<br>Holly Fry- Co-Debtor<br>Kenneth E. West- Trustee<br>Respondents | Case No. 22-12497-mdc<br><br>Chapter: 13<br><br>Judge:  Magdeline D. Coleman<br><br>Hearing Date: December 20, 2022 at 10:30 am<br><br>Objection Deadline: December 12, 2022 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY, CO-DEBTOR STAY AND IN REM/PROSPECTIVE RELIEF WITH RESPECT TO PROPERTY**

SN Servicing Corporation as Servicer for U.S. Bank Trust National Association, as Trustee of BKPL-EG Basket Trust (together with any successor and/or assign, "Movant") hereby moves this Court for an Order (i) pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 1301, vacating the automatic stay and co-debtor stay and granting In Rem/Prospective Relief to permit Movant to enforce its mortgage on the Debtor's premises located at 2218 E Cumberland St, Philadelphia, PA 19125-2204 (the "Property") and (ii) for such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

1. Movant is the holder of a Note executed by the Co-Debtor David Fry and dated July 7, 2006, whereby the Co-Debtor promised to repay $176,000.00 plus interest to America's Wholesale Lender (the "Original Lender").  To secure the repayment of the Note, the Debtor and Co-Debtors David Fry and Holly Fry executed a Mortgage in favor Mortgage Electronic

Registration Systems, Inc. as nominee for Original Lender, encumbering the Property, which was recorded in Recorder of Deeds Office in the City of Philadelphia as Document ID No.51485452. The Mortgage was ultimately assigned to Movant by an Assignment of Mortgage.  Co-Debtor David Fry entered into a Loan Modification Agreement with prior servicer Nationstar Mortgage LLC. effective August 1, 2015 that created a new principal balance of $237,425.41.  Co-Debtor David Fry entered into a second loan modification with Wilmington Savings Fund Society, FSB effective June 1, 2020 that created a new principal balance of $277,064.33.  A copy of the Note, Mortgage, Assignments of Mortgage and Loan Modification Agreements are attached hereto as **Exhibit "A"**.

2. Debtor did not successfully complete the Trial period of the second loan modification.  Accordingly, per the terms of the second loan modification, Debtor "agrees to stipulate to Foreclosure and waives their right to all defenses upon default of this New Loan Modification."  See Exhibit A at page 60, paragraph 1.

3. A Petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on September 19, 2022.

4. This Court has jurisdiction over this case and this motion pursuant to 28 U.S.C. §§ 157 and 1334.

5. Venue of this case and this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The Debtor failed to make current mortgage payments due to Movant under the terms of the Loan Modification Agreement. As a result, a foreclosure action was commenced in the Philadelphia County Court of Common Pleas on January 11, 2017 under Case ID # 17101557, captioned Nationstar Mortgage, LLC vs. Farrell, et al ("the Foreclosure Action").  A

copy of the foreclosure docket report is attached hereto as **Exhibit "B"**.

7. In rem judgment was entered in favor of the Movant on August 4, 2017 and a Sheriff's Sale was set for November 7, 2017. A copy of the judgment order is attached hereto as **Exhibit "C"**. A copy of the Notice of Sale is attached hereto as **Exhibit "D"**.

8. Debtor and Co-Debtor Holly L Fry have filed a total of five (5) bankruptcies since inception of the foreclosure case.

9. Co-Debtor Holly L Fry filed a Chapter 13 bankruptcy, case #17-17480-mdc, on November 3, 2017, staying the scheduled sale. Prior Movant obtained Relief from the Automatic Stay on August 22, 2019. The case was dismissed on December 19, 2019 for failure to make plan payments. A copy of the relief order and dismissal order are attached hereto as **Exhibit "E"**.

10. A Sheriff's Sale was subsequently set for December 3, 2019. A copy of the Notice of Sale is attached hereto as **Exhibit "F"**.

11. Debtor filed a Chapter 13 bankruptcy, case #19-17500-mdc on December 2, 2019, the eve of the scheduled Sheriff's Sale. The case was dismissed on May 1, 2020 for failure to file a confirmable plan. A copy of the dismissal order is attached hereto as **Exhibit "G"**.

12. Co-Debtor Holly L. Fry filed a Chapter 13 bankruptcy, case #20-12728-mdc on June 22, 2020. The case was dismissed on September 2, 2021 for failure to make plan payments. A copy of the dismissal order is attached hereto as **Exhibit "H"**.

13. Co-Debtor Holly L. Fry filed a Chapter 13 bankruptcy, case #21-12490-mdc on September 10, 2021. Creditor obtained Relief from the Automatic Stay on June 21, 2022. The case was dismissed on July 29, 2022 for failure to make plan payments. A copy of the relief order and dismissal order are attached hereto as **Exhibit "I"**.

14. This instant filing by Debtor was filed on September 19, 2022.

15. Furthermore, as of November 10, 2022, the Debtor has not made the post-petition mortgage payment due on October 1, 2022 and November 1, 2022 in the amount of $1,573.88.

16. Debtor is contractually due for the April 1, 2021 mortgage payment. Payoff as of the filing date is $303,763.30 with pre-petition arrears of $31,381.83.

17. Pursuant to 11 U.S.C. §362 (d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

17. Specifically, courts have found cause for the granting of relief from an automatic stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Michael Lancelot Taylor*, 151 B.R. 646,648 (Bankr. E.D.N.Y. 1993).

18. Plaintiff incurred attorney's fees in the amount of $1,450.00 and filing costs of $188.00 in connection with filing and prosecuting of this motion for relief and seeks recovery of those amounts in order to cure the post-petition default.

19. Since grounds exist to vacate the stay in Debtor's case, Movant therefore requests that the automatic stay imposed under 11 U.S.C. § 362(a) be modified and terminated for cause to permit Movant to pursue its rights under the Mortgage and applicable law, including without limitation, the commencement and consummation of a foreclosure action and/or eviction proceeding.

20. Movant may be harmed by the continuation of the Co-Debtor stay absent payments from the Debtor or Co-Debtors. Accordingly, the Co-Debtor stay should be modified pursuant to 11 U.S.C. § 1301(c)(3) and Movant should be permitted to proceed against the Co-Debtors, David Fry and Holly Fry.

21. Movant may be irreparably harmed by any further filings of the Debtor due to the number of previous unsuccessful, repetitive filings.

**WHEREFORE**, Movant respectfully requests an Order of this Court vacating the automatic stay for cause pursuant to 11 U.S.C. § 362, 11 U.S.C. § 1301 and for In Rem/Prospective Relief from the Automatic Stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3) and for such other, further and different relief as to this Court may deem just, proper and equitable.

Dated: November 28, 2022

By: /s/Lauren M. Moyer
Lauren M. Moyer, Esquire
FRIEDMAN VARTOLO LLP
Attorneys for Movant
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100
Bankruptcy@FriedmanVartolo.com